Submitted June 5; conviction for second-degree disorderly conduct reversed, otherwise affirmed August 5, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN EDWARD WOOTTEN,
*Defendant-Appellant.*

Clackamas County Circuit Court
17CR19292; A170109

472 P3d 825

Heather Karabeika, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Conviction for second-degree disorderly conduct reversed; otherwise affirmed.

## PER CURIAM

Defendant was convicted of one count of second-degree disorderly conduct under ORS 166.025(1)(c), which makes it a crime under certain circumstances to "[d]isturb[ ] any lawful assembly of persons without lawful authority." On appeal, defendant argues that the trial court erred in denying his motion for a judgment of acquittal on that count, because there is no evidence that his actions disturbed more than one person, let alone an "assembly of persons." The state concedes the error, and, as explained below, we accept the concession and reverse.

Defendant was charged with various offenses after an incident on a MAX platform in which defendant, while intoxicated, bumped into a woman, refused to apologize, and then began cursing and screaming.[1] One of the counts charged second-degree disorderly conduct under ORS 166.025(1)(c), which provides that a person "commits the crime of disorderly conduct in the second degree if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person: * * * [d]isturbs any lawful assembly of persons without lawful authority."

After the state presented its case, defendant moved for a judgment of acquittal, pointing out the state's failure to produce evidence that there was any "assembly of persons" at the MAX station at the time of the incident or that those persons were disturbed. Defendant argued:

> "We have evidence that he bumped into one person. I think on its face, the Court can find that is not unlawful [*sic*] assembly of persons. We have not heard testimony from a witness that people were alarmed, or somehow disturbed, or that the train was delayed."

In response to the motion, the state acknowledged that there was a lack of witness testimony about who was nearby at the time of the incident but suggested that it was nonetheless reasonable to infer that people were assembled on the MAX platform, based on the nature of the station, the time of night (around 10:00 p.m.), and the evidence that

---

[1] Defendant was charged with other offenses as well, but the trial court granted his motion for a judgment of acquittal on those counts.

multiple officers were policing the station. The trial court denied defendant's motion, and he was ultimately convicted of second-degree disorderly conduct.

On appeal, defendant argues that the plain text of ORS 166.025(1)(c) requires disturbing an assembly of *persons*, plural, and that the state failed to prove that anyone was disturbed other than the woman defendant bumped into. The state concedes that the record "sufficed to permit a reasonable trier of fact to find that defendant disturbed, at most, only one person, the woman he bumped into," whereas an "'assembly' requires more than one person" under ORS 166.025(1)(c). We agree with the state's concession. The statute requires that the state prove both that there was an assembly of persons and that the assembly was disturbed. Nothing in this record gives rise to a nonspeculative inference that there was an assembly of persons, or that anyone other than a single person—as opposed to an assembly—was disturbed by defendant's conduct. Thus, the trial court erred in failing to grant his motion for a judgment of acquittal.

Conviction for second-degree disorderly conduct reversed; otherwise affirmed.